**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**COUNTRY LANE CONSTRUCTION, INC., Respondent.**

No. 03–2517.

United States Court of Appeals, Sixth Circuit.

April 23, 2004.

Aileen A. Armstrong, Dep.Asso.Gen.Counsel, Linda Dreeben, National Labor Relations Board, Washington, DC, for Petitioner.

Craig M. Stanley, Butzel Long, Detroit, MI, for Respondent.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

## JUDGMENT

The National Labor Relations Board (the "Board") applies for summary enforcement of its August 27, 2003, decision and order in Case No. 7–CA–44949, 2003 WL 22047064 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The application is based upon the Board's assertion that the respondent did not file a timely answer to the complaint and therefore cannot contest the Board's decision and order before this court. *See* 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")

The Regional Director issued a complaint against the respondent on June 27, 2002. The respondent did not file an answer. The Regional Director sent another letter on July 12, 2002, giving the respondent a second opportunity to file an answer, and informing the respondent that a

motion for default summary judgment would be filed with the Board if no answer was received. Because such an answer would be untimely, the respondent was also instructed to provide an explanation for its failure to file a timely answer. Again, there was no response, and General Counsel filed a motion for default summary judgment with the Board. Only after the Board issued a show cause order did the respondent, through counsel, file a response and an answer to the complaint. Therein, counsel argued that the respondent's president (Gene Miller) was a member of an Amish community which did not participate in adversarial-type proceedings, (2) that Miller did not understand the Board's procedures or role in labor disputes, and (3) that Miller mistakenly believed the Board was a union or affiliated with a union and thus ignored the notices sent to him. In its decision and order of August 27, 2003, however, the Board (with one member dissenting) found the respondent had failed to show good cause for its failure to file a timely answer, and granted the motion for default summary judgment. The present application for summary enforcement followed.

Although this court may review, for abuse of discretion, a Board determination that good cause does not exist to excuse the late filing of an answer to an unfair labor practice complaint, *Father & Sons Lumber and Bldg. Supplies, Inc. v. NLRB*, 931 F.2d 1093, 1095 (6th Cir.1991), the respondent has not sought judicial review of that determination by filing a petition for review of its own or a cross-petition for review in response to the Board's petition for enforcement. Neither has the respondent sought to raise that issue by filing an answer to the present petition under Rule 15(b)(2), Fed. R.App. P. This application therefore comes to us in the same posture as a case in which no answer was filed to the original charges.

Under these circumstances, we conclude the Board is entitled to summary enforcement under § 160(e).

It therefore is **ORDERED** and **ADJUDGED** that the Board's decision and order of August 27, 2003, in Case No. 7–CA–44949, 2003 WL 22047064 is hereby enforced. The respondent, Country Lane Construction, Inc., its officers, agents, successors, and assigns, shall abide by the provisions of said decision and order. (See Attachments.)

## ORDER

The National Labor Relations Board orders that the Respondent, Country Lane Construction, Inc., Goshen, Indiana, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Coercively interrogating prospective employees concerning their union support and membership.

(b) Conditioning employment for prospective employees upon their signing a statement confirming that they were not union members or supporters of the Union.

(c) Refusing to hire applicants for employment because of their union activity.

(d) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Within 14 days from the date of this Order, offer Jeff Blair instatement to the position to which he applied or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges he

would have enjoyed absent the discrimination against him.

(b) Make Jeff Blair whole for any loss of earnings and other benefits suffered as a result of the discrimination against him in the manner set forth in the remedy section of this decision.

(c) Within 14 days from the date of this Order, remove from its files any reference to the unlawful refusal to hire Jeff Blair, and within 3 days thereafter notify him in writing that this has been done and that the unlawful refusal to hire him will not be used against him in any way.

(d) Within 14 days after service by the Region, post at its jobsite in Port Huron, Michigan, copies of the attached notice marked "Appendix."[1] Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since February 18, 2002.

(e) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

1. If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read

## APPENDIX

### NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.

### FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

WE WILL NOT coercively interrogate prospective employees concerning their union support and membership.

WE WILL NOT condition employment for prospective employees upon their signing a statement confirming that they were not union members or supporters of the Union.

WE WILL NOT refuse to hire applicants for employment because of their union activity.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights guaranteed you by Section 7 of the Act.

WE WILL, within 14 days from the date of the Board's Order, offer Jeff Blair

"Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

instatement to the position to which he applied or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges he would have enjoyed absent the discrimination against him.

WE WILL make Jeff Blair whole for any loss of earnings and other benefits suffered as a result of the discrimination against him.

WE WILL within 14 days from the date of the Board's Order, remove from our files any reference to our unlawful refusal to hire Jeff Blair, and WE WILL within 3 days thereafter notify him in writing that this has been done and that the unlawful refusal to hire him will not be used against him in any way.

COUNTRY LANE CONSTRUCTION, INC.